FILED & ENTERED

NOV 13 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>GRAND VIEW FINANCIAL LLC,<br><br><br><br><br>                           Debtor. | Case No. 2:17-bk-20125-RK<br><br>Chapter 11<br><br>**MEMORANDUM DECISION ON MOTION OF GEORGE GREGORY GAN AND DEBRA GAN-MILLER FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date:       November 7, 2017<br>Time:      11:00 a.m.<br>Courtroom:   1675 |

This bankruptcy case came on for hearing on November 7, 2017 before the undersigned United States Bankruptcy Judge on the motion of George Gregory Gan and Debra Gan-Miller for relief from the automatic stay.  Ori Blumenfeld, of the Law Offices of Michael Jay Berger, appeared for movants.  Todd M. Arnold, of the law firm of Levene, Neale, Bender, Yoo & Brill, LLP, appeared for Debtor Grand View Financial, LLC, in opposition to the motion.  No other appearances were made.

Having considered the moving and opposing papers and the oral and written arguments of the parties, the court grants the motion for the reasons stated on the record and as stated in its tentative ruling on the motion, which was issued before the

hearing and posted on the court's website, as modified by the court during its oral ruling at the hearing.  (The court now places the original tentative ruling for the motion on the case docket as part of this memorandum decision as set forth below in an attachment). The court notes that as stated on the record at the hearing, the court adopted the tentative ruling as its order, but was modifying the tentative ruling for its final ruling to make it clear that the court is not making a ruling at this time on abstention of hearing the issues in dispute between movants and debtor and its managing member, Steve Rogers, now being litigated in state court for which stay relief is sought, that is, the ruling is for stay relief only.

The court is entering a separate final order granting the motion concurrently herewith based on this memorandum decision.

IT IS SO ORDERED.

### 

Date: November 13, 2017

_____
Robert Kwan
United States Bankruptcy Judge

ATTACHMENT TO MEMORANDUM DECISION

TENTATIVE RULING

Revised tentative ruling as of 11/6/17.  Although it is the normal practice of this court not to issue a tentative ruling for a matter heard on shortened notice, the matter has been fully briefed by movants and respondent debtor, and the court has some preliminary thoughts on the matter.

Grant movant relief from stay pursuant to 11 U.S.C. 362(d)(1) to pursue non-bankruptcy remedies based on the analysis of the factors set forth in In re Tucson Estates, Inc., 912 F.2d 1162, 1166-1167 (9th Cir. 1990) (citation omitted) regarding permissive abstention and related stay relief: (1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention - abstention would have relatively minimal effect on the effective administration of the estate since this matter involves only 1 of 42 properties listed by debtor as property of the estate - this factor favors abstention and stay relief; (2) whether state law issues predominate over bankruptcy issues - it appears that they do since the issues relate to the competency of the decedent trustor who created and transferred the subject property to the trust which in turn transferred the property to debtor - this factor favors abstention and stay relief; (3) the difficulty or unsettled nature of applicable law - the issues relating to competency of decedent trust involve intensely factual determinations under state law regarding mental competency of the trustor - this factor favors abstention and stay relief; (4) the presence of a related proceeding commenced in state court - this factor favors abstention and related stay relief; (5) the jurisdictional basis, if any, other than 28 U.S.C. 1334 - the primary issue is whether the subject property is an asset of the bankruptcy estate, which will be resolved under state law, which is subject to this court's "related to" jurisdiction under 28 U.S.C. 1334, but could be decided in a core proceeding for declaratory relief whether the asset is property of the estate - this factor is neutral; (6) degree of relatedness or remoteness to the proceeding to the main bankruptcy case- the state court action to determine the subject property is not property of the estate is somewhat related to the main bankruptcy case - this factor disfavors abstention and stay relief; (7) the substance rather than form of an asserted core proceeding - a proceeding to determine whether the subject property is property of the bankruptcy estate or not relates to administration of the bankruptcy estate, a core proceeding - this factor disfavors abstention and stay relief; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court - it seems feasible to sever and allow the state court to determine the issue of trustor's competence which may well have an impact on the validity of the transfer to debtor - this factor favors abstention and stay relief; (9) the burden of the bankruptcy court's docket - it would be burdensome for the bankruptcy court to decide the issue of trustor's competency needed to determine the validity of the transfer to debtor - this factor favors abstention and stay relief; (10) likelihood that commencement of the proceeding in bankruptcy court involves forum shopping - not present here - this factor disfavors abstention and stay relief; (11) existence of a right to jury trial - not present here - this factor disfavors abstention and stay relief; (12) presence in the proceeding of nondebtor parties - this factor favors abstention.

1
2
3

The court does not rely on the so-called Curtis factors relied upon in In re Plumberex Specialty Products, Inc., 311 B.R. 551 (Bankr. C.D. Cal. 2004) because the Tucson Estates factors of the Ninth Circuit are controlling authority in this situation.  Therefore, the court rejects debtor's arguments based on the Curtis factors.

4
5
6
7
8
9
10
11
12

The court rejects debtor's argument that granting stay relief would be issuing an advisory opinion in that there is no live controversy with respect to debtor.   The court's role in deciding a stay relief motion is to determine whether a creditor should be released from the stay in order to argue the merits in a separate proceeding, and in that regard, the party seeking stay relief need only establish that it has a colorable claim to the property at issue.  In re Griffin, 719 F.3d 1126, 1128 (9th Cir. 2013) (citations omitted).  There is a live controversy here in that movants dispute that the transfer to debtor was valid and seek a determination of the validity of the transfer in state court and named debtor's managing member as a respondent in that action.  Technically speaking, debtor is right that it is not a named respondent in the state court action, but this seems to the court to be a matter of defective pleading by movants since the transfer was to debtor, not its managing member.  Since debtor is a separate legal entity as a LLC, it should have been named as the respondent rather than the managing member.  The court would grant relief from stay to allow movants to correct this deficiency by amending their pleadings in state court.

13
14
15
16
17
18
19
20
21

The court determines that the primary issue of whether the transfer of the subject property to debtor was validity is dependent on a factual determination of the competency of the decedent trustor, which is a matter of state law which the probate court is in a much better position to decide than this court since the events relating to the transfer and the witnesses are located in the county where the state court sits and the issue is integral to the pending state court probate proceedings, which issue probably falls within the probate exception to federal court jurisdiction relating to probating or annuling a will, administering a decedent's estate and/or assuming in rem jurisdiction over property that is in the custody of the probate court.  See Marshall v. Marshall, 547 U.S. 293, 311-312 (2006); see also, Three Keys Ltd. v. SR Utility Holding Co., 540 F.3d 220, 227(3rd Cir. 2008).  In looking at the various Tucson Estates factors, the court believes that the factual determination of the trustor's competency and capacity to transfer the subject property may be, and should be, decided by the state court.

22
23
24

Deny movants' requests for extraordinary relief in paragraphs 6 and 7 for lack of legal authority and/or evidentiary support.  In re Van Ness, 399 B.R. 897 (Bankr. E.D. Cal. 2009).

25

Appearances are required on 11/7/17, but counsel may appear by telephone.

26

END OF TENTATIVE RULING

27
28