FILED & ENTERED

JUN 15 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>GRAND VIEW FINANCIAL LLC,<br><br><br><br><br>                                  Debtor. | Case No. 2:17-bk-20125-RK<br><br>Chapter 11<br><br>**ORDER DENYING DEBTOR'S MOTION FOR AN ORDER COMPELLING TURNOVER OF PROPERTY OF THE ESTATE**<br><br>Date:          June 19, 2018<br>Time:         2:30 p.m.<br>Courtroom:   1675 |

    Pending before this court is Debtor Grand View Financial LLC's Motion for an Order Compelling Turnover of Property of the Estate ("Motion") (Docket No. 238) filed on May 17, 2018.  Todd M. Arnold, of the law firm of Levene, Neale, Bender, Yoo & Brill LLP represents Debtor and Debtor in Possession.  Respondents Shirley Hanes and Stephen Ho have not responded to the Motion.

    Having considered the moving papers, the court determines that pursuant to Local Bankruptcy Rule 9013-1(j)(3), oral argument is not necessary, dispenses with it, vacates the hearing on the Motion on June 19, 2018, takes the Motion under submission and rules as follows.

1  By its motion to recover rents and real property from Respondents pursuant to 11

2  U.S.C. § 542, Debtor seeks that Respondents turn over the real property in which they

3  are living in and pay over rents that they allegedly owe the Debtor, which property

4  Debtor has scheduled as property of the bankruptcy estate.  According to the Motion,

5  Respondents as owners and occupiers of distressed residential real property entered

6  into sale and leaseback arrangements with Debtor which invests in such property to

7  contest the existing secured liens of mortgage lenders based on alleged lien defects.

8  Debtor now wants Respondents as former owners but current occupiers of two

9  distressed real properties to turn over, and presumably evict, them for alleged non-

10  payment of rent under the sale and leaseback agreements.

11  Citing Collier on Bankruptcy discussing Federal Rule of Bankruptcy Procedure

12  9014 governing contested matters in bankruptcy, Debtor argues that an adversary

13  proceeding under Federal Rule of Bankruptcy Procedure 7001 is not required and that a

14  motion under Rule 9014 as a contested matter is sufficient to recover property and rent

15  from these nondebtor third parties.  Motion at 10-12, *citing inter alia,* 10 Levin and

16  Sommer, *Collier on Bankruptcy,* ¶ 9014.01 at 9014-4 (16th ed. 2017).

17  The court disagrees because the plain language of Rule 7001 requires an

18  adversary proceeding to recover money or property from third parties who are not the

19  debtor.  Federal Rule of Bankruptcy Procedure 7001(1).  Rule 7001(1) provides in

20  pertinent part: ". . . The following are adversary proceedings: (1) a proceeding to

21  recover money or property, other than a proceeding to compel the debtor to deliver

22  property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017,

23  or Rule 6002."  The Motion is a proceeding to recover property from third parties, not

24  the debtor, and does not involve abandonment of property under Bankruptcy Code §

25  554(b), disposition of property under Bankruptcy Code § 725, a debtor's transactions

26  with an attorney under Bankruptcy Rule 2017, or an accounting by a prior custodian of

27  estate property under Bankruptcy Rule 6002, and thus, the Motion falls within the

28  general rule of an adversary proceeding for turnover of money or property.

1    A statement from another section in Collier on Bankruptcy not cited in the Motion

2    states: "Failure to commence an adversary proceeding when seeking the relief of the

3    kind listed in Rule 7001 has resulted in the denial of the motion or dismissal of the

4    proceeding."  10 Levin and Sommer, *Collier on Bankruptcy,* ¶ 7001.01 at 7001-4, *citing*

5    *inter alia, In re Haber Oil Co., Inc.,* 12 F.3d 426, 437-440 (5th Cir. 1994).  *Collier on*

6    *Bankruptcy* further states: "However, in cases where no prejudice to the parties has

7    arisen or where no objection to the procedural defect has been lodged, certain courts

8    allow matters to proceed by way of motions under Rule 9014 rather than as adversary

9    proceedings."  *Id.* (citing cases).  While "certain courts" liberally construe Rule 7001 in

10   context with Rule 9014 to read out and ignore the plain language of Rule 7001, this

11   court does not include itself as one of these "certain courts" at least under these

12   circumstances.  Here, Debtor as Respondents' investor/landlord is seeking to take away

13   from Respondents their homes and money by motion on only 21 days' notice of hearing

14   without the heightened procedural protections of a service of a summons and complaint

15   in an adversary proceeding with 30 days to respond after issuance of summons and a

16   schedule of pretrial proceedings if an answer is served and filed.  Compare Federal

17   Rule of Bankruptcy Procedure 9014 with Federal Rules of Bankruptcy Procedure 7001

18   *et seq.*  In the court's view, given the plain language of Rule 7001(1), the Motion denies

19   Respondents procedural due process as provided in the rule.

20       ///

21       ///

22

23

24

25

26

27

28

1    Because Debtor failed to file adversary proceedings for turnover of property and

2   money as required by Rule 7001(1), the Motion is procedurally defective.  Therefore,

3   the Motion is denied without prejudice to the filing of adversary proceedings to seek the

4   relief sought by the Motion.  Because the court has vacated the hearing on the Motion,

5   no appearances for the Motion are required on June 19, 2018.

6    IT IS SO ORDERED.

7                                                          ###

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Date: June 15, 2018                          _____

26                                                          Robert Kwan
                                                            United States Bankruptcy Judge

27

28